FILED
SUPERIOR COURT
OF GUAM

2014 OCT 15 AM 10: 52

CLERK OF COURT
By: ___

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CYNTHIA BORJA FEJARAN,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD SANTOS FEJARAN,<br><br>Defendant. | DOMESTIC CASE NO. DM 0264-11<br><br>**DECISION AND ORDER<br>DENYING DISQUALIFICATION** |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on an assignment pursuant to 7 GCA § 6107 to adjudicate the Plaintiff Cynthia Borja Fejaran's August 26, 2014 Motion to Recuse or Objection to Qualification of Trial Judge and the Honorable Michael J. Bordallo's September 5, 2014 Answer to Statement of Objection. Attorney Brian Patrick Kelley represents the Plaintiff, and Attorney Daniel S. Somerfleck represents the Defendant. For the reasons set forth below, the Plaintiff's Motion to Recuse or Objection to Qualification of Trial Judge is DENIED.

### BACKGROUND

On August 26, 2014, the Plaintiff filed a Motion to Recuse or Objection to Qualification of Trial Judge, objecting to the judicial competency of the Honorable Michael J. Bordallo to preside over the case, pursuant to 7 GCA § 6107. The Plaintiff argues that Judge Bordallo's

ability to dispense dispassionate justice in may reasonably be questioned. The basis for this argument is that Judge Bordallo's brother is engaged to be married to Sandra Santos, who is the Defendant's sister and the Plaintiff's sister-in-law.

In Judge Bordallo's answer, he admits the prospective family relationship, but states that he was unaware of the relationship and does not have regular contact or occasional personal contact with either of the parties. Judge Bordallo points to the requirement that objection to judicial competency be made "at the earliest practicable opportunity," and also argues that under the applicable reasonable person standard, that he knows of no reason that he should be disqualified as trial judge.

## DISCUSSION

A statement of objection is not a motion. Thus, the determination of a judge's disqualification is outside the usual law and motion procedural rules. People v. Johnny, 2006 Guam 10 ¶ 9 (citation omitted). In view of this, whenever a judge "neglects or fails to declare his or her disqualification…any party to such action or proceeding…may present to the court and file with the clerk a written statement…setting forth the fact or facts constituting the ground of the disqualification of such Justice or Judge." Johnny, 2006 Guam 10 ¶ 11 (citing 7 GCA § 6107 (2005)). "[A] reasonable person standard must be applied to determine whether recusal is necessary." Dizon v. Superior Court, 1998 Guam 3 ¶ 8.

Title 7 GCA § 6105 sets forth the substantive grounds under which judges and justices are required to automatically disqualify themselves and 7 GCA § 6107 provides the procedural framework governing disqualification." People v. Tennessen, 2010 Guam 12 ¶ 8. The Plaintiff points to 7 GCA § 6105(a) and (b)(1) as providing the substantive basis for the disqualification. Pl.'s Objection 2, Aug. 26, 2014. 7 GCA § 6105(a) reads: "Any Judge shall disqualify himself

or herself in any proceeding in which his or her impartiality might reasonably be questioned," unless all parties consent to the judge adjudicating the case after complete disclosure. 7 GCA § 6105(a) (2005). 7 GCA § 6105(b)(1) also requires disqualification when the Judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding…" 7 GCA § 6105(b)(1) (2005).

The basis on which the Plaintiff seeks disqualification is a prospective family relationship between Judge Bordallo and the parties. The Plaintiff states that Judge Bordallo's brother, Robert Bordallo, is engaged to be married to Sandra Santos, who is the sister of the Defendant Edward Santos Fejaran and the sister-in-law of the Plaintiff Cynthia Borja Fejaran. Pl.'s Objection 1-2, Aug. 26, 2014.

In his answer, Judge Bordallo admits the prospective family relationship. Judge's Answer 1, Sep. 5, 2014. He states that he was unaware of the relationship and does not have regular contact or occasional personal contact with either of the parties. Id. The answer is verified and signed under penalty of perjury. Id. at 3.

The proper standard in a disqualification motion is whether a reasonable person could doubt the ability of the judge to be impartial, and it is not necessary to show actual bias. Dizon v. Superior Court of Guam, 1998 Guam 3 ¶ 8. With regard to disqualification in the federal judicial context, the Seventh Circuit has written:

> An objective standard is essential when the question is how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person. Because some people see goblins behind every tree, a subjective approach would approximate automatic disqualification. A reasonable observer is unconcerned about trivial risks…Thus the search is for a risk substantially out of the ordinary.

In re Mason, 916 F.2d 384, 385-86 (7th Cir. 1990).

A hypersensitive person might view a judge as biased upon learning that the judge had a family connection to the parties. But a reasonable person would credit the explanation, signed and verified under penalty of perjury, explaining the relationship. The prospective family relationship, from Judge Bordallo to his brother's fiancée's brother, is at three degrees of removal. Judge Bordallo was unaware of the relationship. Judge's Answer 1, Sep. 5, 2014. He does not have regular contact or occasional personal contact with either of the parties. Id. In as small island jurisdiction such as Guam, judges will often have some remote connection to one or both of the parties. It is thus especially important to carefully evaluate whether a reasonable person would find such a relationship disqualifying, and avoid rushing to "see goblins behind every tree," in cases where the risks are not substantially out of the ordinary.

## CONCLUSION

For the reasons set forth above, the Court concludes that a reasonable person would not question Judge Bordallo's impartiality in adjudicating this matter. Nor does Judge Bordallo have a personal bias or prejudice concerning a party. The Plaintiff's Motion to Recuse or Objection to Qualification of Trial Judge is DENIED.

IT IS SO ORDERED this day of ___OCT 1 5 2014___ .

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

Date: __ Time: __

Deputy Clerk, Superior Court of Guam

ORIGINAL